BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26ᵀᴴ FLOOR
NEW YORK, N.Y. 10016

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

JONATHAN C. MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

COUNSEL
PETER S. MATORIN
CYNTHIA ROLLINGS
KAREN L. DIPPOLD
JODY YETZER
MARJORY D. FIELDS
EMILY JANE GOODMAN
  (JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN
SAM KOOLAQ
ASHA SMITH
MATTHEW MELEWSKI

September 9, 2025

**VIA USPS**

U.S. Immigration and Customs Enforcement
Freedom of Information Act Office
800 North Capitol Street, NW, Room 585
Washington, D.C. 20536

REF:   868800.01

WRITER'S DIRECT CONTACT:
(212) 277-5842
zabu-orf@blhny.com

<u>Re</u>: **Freedom of Information Act Request for Records Pertaining to Decedent Chaofeng Ge, DOB: 11/04/1992, DOD: 08/05/2025, A - Number: 245496476**

Dear FOIA Officer:

My office represents the family/next of kin/putative estate of Chaofeng Ge (DOB: 11/04/1992, DOD: 08/05/2025, A-Number: 245496476, Place of Birth: Group 9, Liufu Village, Guanlin Town, Luolong District, Luoyang City, Henan Province, China).

Chaofeng Ge was in Immigration and Customs Enforcement's custody at Moshannon Valley Processing Center ("MVPC") and is now deceased. We hereby request the following:

- All documents concerning Chaofeng Ge, including but not limited to his medical records, mental health records, complete detainee file, and records related to Chaofeng Ge from his entire time in Immigration and Customs Enforcement's ("ICE") custody, including but not limited to:
    1. Detainee Profile
    2. Detainee History Quarters/Housing Assignments
    3. Administrative Remedy Data
    4. ICE Talton Tablets
    5. Disciplinary Records
    6. Detainee Central File
    7. Medical/Health Services Records
    8. Mental Health/Psychological Services Records
    9. Use of force records

ZA/**Enclosures**

Ge – FOIA ICE
September 9, 2025
Page 2

      10. Protective custody records
      11. Visitor List
      12. Pre-Trial Detainee Interview Form and Review Report
      13. Intake screening form
      14. Incident reports
      15. Special Housing Unit records
      16. Detainee phone call records
      17. In Transit Data Forms
      18. Separation forms
      19. Property records
      20. SENTRY database records
      21. Release records
      22. Transfer records
      23. Judgment and commitment File
      24. ICE communications regarding Chaofeng Ge

- All documents concerning assaults, uses of force, and/or unusual incidents involving Chaofeng Ge; and

- All documents, recordings, or other information concerning the death of Chaofeng Ge, and/or any investigation into his death, including medical documents, incident reports, after action reports, inmate statements, documents or communications to external agencies such as the Office of Inspector General ("OIG"), United States Marshals Service ("USMS"), Federal Bureau of Investigation ("FBI"), or the United States Attorney's Office ("USAO").

- Any and all video recording that capture Mr. Ge, particularly for the date of August 5, 2025 and the 24-hours preceding Mr. Ge's death, including but not limited to:

    1. Any and all video recordings which capture the incident involving Mr. Gre
    2. Ant any all video recordings which capture the aftermath of the incident involving Mr. Ge, including any medical response or lack thereof
    3. Any and all video recordings of Mr. Ge's exit from MVPC

- Any and all video recording that capture MVPC employees interacting with Mr. Ge during the period he was in ICE custody.

- Any and all documents, memoranda, guidance, publications, training materials, or other information concerning ICE policies for inmates exhibiting or experiencing mental health

Ge – FOIA ICE
September 9, 2025
Page 3

issues, including but not limited to any such information specifically related to MVPC personnel.

We request these records be produced in electronic format, if they are kept in that form, and note that the term "document" applies to records in both hard copy and electronic format.

We further ask that all responsive records be produced as they are identified and gathered, rather than delaying production until all responsive records are found. However, we reserve the right to appeal a decision to withhold any information. If this request is denied in whole or part, we ask that you describe the nature of the information withheld and justify all deletions by reference to specific exemptions of the FOIA. We expect you to release all segregable portions of otherwise exempt material. We are open to negotiating a modification to this request where production of all responsive documents would be unreasonably voluminous.

If there are any costs incurred with producing copies of the records requested, you have our advance authorization to incur up to $500, which amount we will promptly reimburse. If the fees exceed $500, please contact me before incurring the expense.

Enclosed with this letter please find an Authorization for Release of Health Information Pursuant to HIPAA signed by Mr. Yanfeng Ge, brother/next of kin/putative estate administrator of Chaofeng Ge (**Exhibit A**), as well as a letter sent to MVPC on August 18, 2025, putting the facility and its administrators on notice to preserve and any all evidence regarding Mr. Ge (**Exhibit B**).

Please let me know if you have any questions or require any additional information. Thank you in advance for your anticipated cooperation in this matter.

              Best Regards,

              /s/ Zachary Abu-Orf

              Zachary Abu-Orf
              *Paralegal*

# EXHIBIT A



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
[This form has been approved by the New York State Department of Health]

| Patient Name | Chaofeng Ge | Date of Birth | 11/04/1992 | Social Security Number |
|---|---|---|---|---|

| Patient Address | 14216 Cherry Ave, Flushing, NY 11355 |
|---|---|

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.
2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.
3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.
4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.
5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.
6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:
Moshannon Valley Processing Center, 555 GEO Drive, Philipsburg, PA 16866

8. Name and address of person(s) or category of person to whom this information will be sent:
Attorneys and Paralegals of Beldock Levine & Hoffman LLP, 99 Park Ave, 26th Fl/PH, New York, NY 10016

9(a). Specific information to be released:
- ☐ Medical Record from (insert date) _____ to (insert date) _____
- ☒ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ☐ Other: _____

Include: (Indicate by Initialing)
- Yanfeg Ge  Alcohol/Drug Treatment
- Yanfeg Ge  Mental Health Information
- Yanfeg Ge  HIV-Related Information

**Authorization to Discuss Health Information**
(b) ☒ By initialing here  Yanfeg  I authorize  staff of Moshannon Valley Processing Center  (Name of individual health care provider) to discuss my health information with my attorney, or a governmental agency, listed here:
Attorneys and Paralegals of Beldock Levine & Hoffman LLP
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>☐ At request of individual<br>☒ Other: Litigation | 11. Date or event on which this authorization will expire:<br>Conclusion of Litigation |
|---|---|
| 12. If not the patient, name of person signing form:<br>Yanfeng Ge | 13. Authority to sign on behalf of patient:<br>Next of Kin, putative estate administrator |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

Signature: Yanfeg Ge         Date: 8-20-2025

Signature of patient or representative authorized by law.

\* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

# EXHIBIT B

BELDOCK LEVINE & HOFFMAN LLP
99 PARK AVENUE, PH/26TH FLOOR
NEW YORK, N.Y. 10016

CYNTHIA ROLLINGS
JONATHAN MOORE
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MARC A. CANNAN
DAVID B. RANKIN
LUNA DROUBI
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

August 18, 2025

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
MARJORY D. FIELDS
EMILY JANE GOODMAN
(JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF:

VIA ~~FEDEX~~ USPS

WRITER'S DIRECT DIAL:
212-277-5825
drankin@blhny.com

## \*\*\* NOTICE TO PRESERVE \*\*\*

**Moshannon Valley Processing Center (MVPC)**
555 GEO Drive
Philipsburg, PA 16866

> Re:   **Notice to Preserve all records and materials related to Chaofeng Ge, DOB: 11/04/1992, DOD: 08/05/2025**

Dear To Whom It May Concern:

My office represents the family of decedent Chaofeng Ge, referred to here as "Mr. Ge." On or about August 5, 2025, Mr. Ge committed suicide in Moshannon Valley Processing Center ("MVPC"). We anticipate litigation, and accordingly, hereby put you on notice to preserve any and all materials, documents, media, recordings, records, and electronically stored information regarding Mr. Ge for any period(s) of time he was in Immigration and Customs Enforcement ("ICE") custody from January 23, 2025 to present.

This includes:

    a.    The full names of any ICE, GEO Group, MVPC, and/or other employees who were on duty at the MVPC on August 5, 2025,

    b.    The full names of any ICE, GEO Group, MVPC, and/or other employees who were on duty at the MVPC on August 5, 2025 who were present for or responded to the incident involving Mr. Ge;

    c.    Any and all video recordings that capture Mr. Ge, particularly for the date of August 5, 2025, including but not limited to:

BELDOCK LEVINE & HOFFMAN LLP

August 18, 2025
Page 2

   i. Any and all video recordings which capture the incident involving Mr. Ge;
   ii. Any and all video recordings which capture the aftermath of the incident involving Mr. Ge, including any medical response;
   iii. Any and all video recordings of Mr. Ge's exit from MVPC;

 d. Any and all video recordings that capture MVPC employees responding or not responding to the incident involving Mr. Ge on August 5, 2025;

 e. Any and all documents received from any Outside agencies, including but not limited to Dauphin County Prison, concerning Mr. Ge;

 f. Any and all medical evaluations and intake documents for Mr. Ge;

 g. Any and all log book entries, including but not limited to:

   i. intake post logs;
   ii. intake new admission tracking log;
   iii. clinic new admission logs;
   iv. clinic post logs;
   v. emergency health care referral log books;
   vi. housing log books;
   vii. crime scene log books;
   viii. transfer log books;
   ix. daily/shift log books; and
   x. supervising officers' log books;

 h. Any and all records maintained by MVPC on Mr. Ge. This includes but is not limited to:

   i. ICE Talton Tablets;
   ii. correctional records, including but not limited to custodial and legal files;
   iii. incident report forms;
   iv. records on transfers;
   v. security risk group/Gang Intelligence Unit records;
   vi. search records;
   vii. disciplinary records;
   viii. grievance records;
   ix. requests for medical or mental health attention/appointments;
   x. intake records;
   xi. classification records;
   xii. movement records;
   xiii. placement records;
   xiv. housing records;

BELDOCK LEVINE & HOFFMAN LLP

August 18, 2025
Page 3

      xv. program records;
      xvi. visit records;
      xvii. escort records;
      xviii. transport records;
      xix. discharge planning records;
      xx. security records;
      xxi. law enforcement records;
      xxii. probation and parole records;
      xxiii. Chaplain's Report;
      xxiv. Incident Photos;
      xxv. rehabilitation records; and
      xxvi. medical records – including mental health records;

i. Any and all investigation records regarding the August 5, 2025 incident in which Mr. Ge committed suicide. This includes but is not limited to:

      i. Inmate Statements;
      ii. Unusual Incident Reports;
      iii. Incident Reports;
      iv. Injury to Inmate;
      v. Audio recordings of witness interviews;
      vi. Video recordings of witness interviews;
      vii. Use of force reports and attachments;
      viii. Investigation reports;
      ix. Any preliminary reports;
      x. Any preliminary investigative reports;
      xi. Any video or audio records of location of incident;
      xii. Correspondence informing the ICE Chain of Command;
      xiii. Correspondence informing the ICE Investigation Division, ICE Office of Personal Responsibility, or any other internal investigative departments;
      xiv. Correspondence informing any other Outside agencies, including but not limited to Dauphin County Prison;
      xv. The complete ICE investigation file inclusive of all reports, case logs, attachments, interview recordings, internal department correspondences regarding the investigation, and external correspondences with other agencies regarding the investigation; and
      xvi. The complete ICE Health Service Corps and/or any other medical file inclusive of all reports, case logs, attachments, interview recordings, internal department correspondences regarding the investigation, and external correspondences with other agencies regarding the investigation;

j. Any and all disciplinary files and records of MVPC personnel in connection with the August 5, 2025 incident in which Mr. Ge committed suicide. Including but not limited to:

BELDOCK LEVINE & HOFFMAN LLP

August 18, 2025
Page 4

      i. Personnel disciplinary files;
      ii. Employee performance services report;
      iii. Memorandum of complaints against employees;
      iv. Employee performance service reports;
      v. Notices of Pleading and Hearings;
      vi. Overtime Reports;
      vii. Notices of Suspension;
      viii. Charges and Specifications;
      ix. Notices to Appear before the ICE Office of Professional Responsibility or any other internal investigative agency;
      x. Negotiated Plea Agreements;
      xi. Probation Agreement Forms; and
      xii. All records regarding ICE Office of Professional Responsibility (OPR) trials.

k. Any and all materials, media, documents, and/or electronically stored information connected with the August 5, 2025 incident in which Mr. Ge committed suicide that was not captured by the above-listed items;

l. The full names of any MVPC and/or ICE employees who were suspended in connection with this incident;

m. The length of the suspension of employees identified in (l);

n. Justification for returning the employees identified in (l) back to work, if they returned to employment.

If you have any questions or concerns regarding this matter, please contact me.

Please confirm receipt of this letter and that all preservation efforts have been made. In addition, to ensure that the requested preservation is as complete as possible, please forward a copy of this letter to all persons or entities within Immigration and Customs Enforcement and/or Moshannon Valley Processing Center with custodial responsibilities for the items referred to herein. Thank you for your prompt attention to this matter.

Best,

David B. Rankin, Esq.
*Partner*

BELDOCK LEVINE & HOFFMAN LLP

August 18, 2025
Page 5

                                                  BELDOCK LEVINE & HOFFMAN
                                                  212-277-5825
                                                  drankin@blhny.com

BELDOCK LEVINE & HOFFMAN LLP

